### No. 3.

LEONARD *against* WALKER. *Addison*, 1820.

A declaration, describing a note, without any consideration expressed in the note, but describing a consideration, distinct from the note itself, sets forth a note within the Statute of limitations.

PLAINTIFF declares, that, whereas, heretofore, to wit, on the 30th day of October, 1810, at Whiting, in the County of Addison, the said Walker was indebted to the plaintiff, in the sum of $58,72, for fees, legally accruing to the plaintiff, as sheriff's deputy, from the defendant, on a certain execution, in favor of the Vermont State Bank, against the said defendant, Lyman Clark, and Stephen Clark ; in consideration thereof, the said defendant, to wit, at Whiting, aforesaid, on the same day and year, last aforesaid, to secure the plaintiff, the payment of the said sum of $58,72, made, executed, and delivered, to the plaintiff, his, the defendant's promissory note, subscribed with the proper hand of the defendant, whereby the defendant promised to pay the plaintiff the sum of $58,72, when he should be thereto requested. Yet, &c.

2d count. Parol promise, of the same description.

*Plea*—General issue, and non assumpsit, infra sex annos.

*Replication*—That defendant made and signed his promissory note, above declared upon, at, &c. and, that one Daniel

Washburn, then and there subscribed his name, as a witness. Demurrer and Joinder.

Judgment of the Court. The question is, whether the declaration sets forth a promissory note, within the meaning of the Statute of limitations. 2 Stat. 408, sec. 8.

The Court consider, a promissory note is sufficiently set forth, although the consideration set up, is distinct from the note itself, and although the note itself does not express any consideration.

Replication sufficient.